IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| PAIGE BENNER, <br> TDCJ No. 1278531, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | Civil Action No. 7:18-cv-00026-M-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Paige Benner (the "Petition") (ECF No. 1) and Motion for Permission to File Successive Writ and Memorandum in Support Thereof (ECF No. 2). After consideration of the pleadings and the applicable law, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M.G. Lynn **TRANSFER** the Petition for Writ of Habeas Corpus (ECF No. 1) to the United States Court of Appeals for the Fifth Circuit for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Petitioner Paige Benner ("Petitioner") is an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. ECF No. 1 at 1. He brings this action pursuant to 28 U.S.C. § 2254 and challenges his 2004 conviction with docket number 0926958R. *Id.* at 2. The Petition appears to be successive because it challenges the same conviction for aggravated assault with a deadly weapon that Petitioner has challenged in the past. *Id.* at 8; *Benner v. Quarterman*, Civ. A. No. 4:07-CV-326-Y, 2008 WL 3915348, at *1 (N.D. Tex. Aug. 25, 2008).

Though Petitioner filed a Motion for Permission to File Successive Writ and Memorandum in Support Thereof (ECF No. 2), this Court does not have jurisdiction to grant the motion, because such a motion must be submitted to the Fifth Circuit.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, a later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); *Crone v. Cockrell*, 324 F.3d 833, 836–37 (5th Cir. 2003). To raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. 28 U.S.C. § 2244(b)(2).

Before a petitioner may file his application in the district court, however, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. 28 U.S.C. § 2244(b)(3)(A)–(B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (concerning a § 2255 motion); *Crone*, 324 F.3d at 836 (concerning a § 2254 habeas petition).

The Fifth Circuit has not issued an order authorizing the court to consider the successive petition in this case. Petitioner must obtain such an order before he can file a second petition for

habeas relief challenging his underlying criminal conviction. Petitioner's current application is successive under AEDPA, and his failure to obtain leave from the Fifth Circuit under Section 2244(b)(3) before filing his current application "acts as a jurisdictional bar to [this court] asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to file [it]." *Key*, 205 F.3d at 774 (citations omitted).

Under these circumstances, a district court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer a successive habeas petition to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). This appears to be Petitioner's first successive habeas application concerning the validity of his conviction, and thus transfer is appropriate. *Compare Adams v. Davis*, Civ. A. No. 3:17-CV-1133-N-BN, 2017 WL 2535863, at *1 (N.D. Tex. May 2, 2017), *report and recommendation adopted*, Civ. A. No. 3:17-CV-1133-N, 2017 WL 2505495 (N.D. Tex. June 9, 2017) (May 2, 2017) (holding that transfer was appropriate when there was not a history of filing successive habeas petitions aimed at the same issue), *with United States v. King*, Civ. A. Nos. 3:97-CR-0083-D-01 & 3:03-CV-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (holding that petitioner's history of filing successive habeas petitions warranted a "dismissal without prejudice . . . [to] better serve[] the interests of justice than a transfer[.]"). Because this is Petitioner's first successive habeas petition challenging his conviction, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M.G. Lynn **TRANSFER** the instant Petition to the Fifth Circuit for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties

in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      Signed February 27, 2018.

                                                    _____
                                                    Hal R. Ray, Jr.
                                                    UNITED STATES MAGISTRATE JUDGE