## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| PAIGE BENNER,<br>TDCJ No. 1278531, | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| v. | § <br> § | Civil Action No. 7:18-cv-00026-M-BP |
| LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division, | § <br> § <br> § <br> § <br> § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Petitioner's "60(b) Motion for Relief from Judgement" (ECF No. 17), filed April 16, 2018. Chief United States District Judge Barbara M.G. Lynn referred the Motion to the undersigned for a hearing, if necessary, and determination or recommendation. ECF No. 22.

This Court entered judgment on March 22, 2018. ECF No. 12. In doing so, it adopted the undersigned's Findings, Conclusions, and Recommendation that Petitioner's habeas petition (ECF No. 1) was successive and that the Court should transfer the petition to the United States Court of Appeals for the Fifth Circuit, because a district court is without jurisdiction to consider a successive habeas petition unless a court of appeals has granted the petitioner permission to file such a petition. ECF No. 6; No. 11; *see also* 28 U.S.C. § 2244(b)(3)(A)–(B).

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Those circumstances are:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been

discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "The decision to grant or deny 60(b) relief is within the sound discretion of the district court and will be reversed only for an abuse of discretion." *James v. Rice Univ.*, 80 Fed. App'x 907, 911 (5th Cir. 2003) (citation omitted). "The extraordinary relief afforded by Rule 60(b) requires that the moving party make a 'showing of unusual or unique circumstances justifying such relief.'" *Id.* (quoting *Pryor v. U. S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985)).

Title 28 U.S.C. § 2244(b)(3–4) requires a district court to dismiss any second or successive habeas petition unless the court of appeals has authorized the filing of the petition. The Supreme Court has held that a Rule 60(b) motion for relief from judgment qualifies as a second or successive petition under 28 U.S.C. § 2244(b)(3–4) if the motion contains one or more claims, including new claims for relief from a state court's judgment or new evidence in support of prior claims. *Gonzalez*, 545 U.S. at 530–33; *see also Chase v. Epps*, 74 Fed. App'x 339, 345 (5th Cir. 2003) ("A Rule 60(b) motion that purports to challenge the denial of a 28 U.S.C. § 2254 petition but actually attacks the underlying criminal conviction may be construed as a successive 28 U.S.C. § 2254 application."). A Rule 60(b) motion does not qualify as a second or successive petition if the prior petition was not denied on the merits but for reasons such as failure to exhaust, procedural default, or a bar by the statute of limitations. *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007) (citing *Gonzalez*, 545 U.S. at 532 n.4).

Petitioner's Motion qualifies as a successive petition under 28 U.S.C. § 2244(b)(3–4). Petitioner states in his Motion that relief from judgment is authorized by Rule 60(b)(6), the catchall

2

provision that allows a court to grant relief for "any other reason that justifies relief." ECF No. 17 at 1. Petitioner does not, however, state in his Motion what reason justifies relief or why this Court does in fact have jurisdiction despite the requirements of 28 U.S.C. § 2244(b)(3)(A)–(B). *See id.* Instead, the Motion asserts five grounds for habeas relief: ineffective assistance of appellate counsel, two violations of right to notice by the state court, illegal detention because of a void conviction, and actual innocence. *Id.* at 2. Petitioner asserted four of these five grounds in his prior petition. ECF No. 1 at 6–7. Petitioner raises ineffective assistance of appellate counsel for the first time in his Motion. *Compare id. with* ECF No. 17 at 2. Petitioner additionally asserts new arguments and evidence for his four previously raised claims. *Compare* ECF No. 1 at 6–7 *with* ECF No. 17 at 2. These are merit-based claims, including a completely new claim, and as such the undersigned recommends that the Court construe Petitioner's Motion as a successive habeas petition, in accordance with *Gonzalez*.

The Fifth Circuit has not issued an order authorizing the Court to consider the prior successive petition in this case. Petitioner is currently in the process of pursuing authorization to file that successive petition. *See* Motion for Permission to File Successive Writ/Grant Cert. of Appealability to the Honorable Judges of the Fifth Circuit, *In re: Paige Benner*, No. 18-10363 (5th Cir. April 30, 2018). Petitioner must obtain *another* such order of authorization before he can file a third or successive petition for habeas relief, as his Motion is construed. He has not done so, and this failure acts as a jurisdictional bar to this Court asserting jurisdiction over the Motion until the Fifth Circuit grants him permission to file. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). The undersigned therefore **RECOMMENDS** that Chief Judge Lynn **DENY** Petitioner's "60(b) Motion for Relief from Judgement" (ECF No. 17).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties

in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Signed May 11, 2018.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE